**EXHIBIT 1**



# City of Cambridge

MASSACHUSETTS

BOARD OF ZONING APPEAL

831 Mass Avenue, Cambridge, MA
(617) 349-6100

2014 JAN 29 AM 11 53
OFFICE OF THE CITY CLERK
CAMBRIDGE, MASSACHUSETTS

CASE NO:        10518

LOCATION:       799 Concord Avenue                Office 1 Zone /AOD
                Cambridge, MA

PETITIONER:     Bell Atlantic Mobile of Massachusetts Corporation, LTd.
                D/B/A Verizon Wireless – C/o Timothy C. Twardowski, Esq.

PETITION:       Special Permit: To locate mobile communications antennas on the roof of
                the existing building and place equipment inside an existing ground level
                garage space.

VIOLATION:      Art. 4.000, Sec. 4.32.G.1 (Footnote 49) (Telecommunication Facility).
                Art. 10.000, Sec. 10.40 (Special Permit).

DATE OF PUBLIC NOTICE:    September 26 & October 3, 2013

DATE OF PUBLIC HEARING:   October 10, 2013

MEMBERS OF THE BOARD:
                CONSTANTINE ALEXANDER – CHAIR          ✓
                TIMOTHY HUGHES – VICE-CHAIR            ✓
                BRENDAN SULLIVAN                       ✓
                THOMAS SCOTT                           ✓
                JANET O. GREEN                         ✓

ASSOCIATE MEMBERS:
                DOUGLAS MYERS                          ___
                SLATER W. ANDERSON                     ___
                LINDSEY T. THORNE-BINGHAM              ___
                ANDREA A. HICKEY                       ___

Members of the Board of Zoning Appeal heard testimony and viewed materials submitted
regarding the above request for relief from the requirements of the Cambridge Zoning Ordinance.
The Board is familiar with the location of the petitioner's property, the layout and other
characteristics as well as the surrounding district.

Case No.    10518
Location:   799 Concord Avenue
Petitioner: Bell Atlantic Mobile of MA Corp. Ltd. – D/B/A Verizon Wireless

On December 5, 2013, Petitioner's attorney Timothy Twardowski appeared before the Board of Zoning Appeal requesting a special permit in order to locate mobile communications antennas on the roof of the existing building and place equipment inside an existing ground level garage space. The hearing was continued from October 10, 2013. The Petitioner requested relief from Article 4, Section 4.32.G.1 of the Cambridge Zoning Ordinance ("Ordinance"). The Petitioner submitted application materials including information about the project, plans, and photographs.

Mr. Twardowski stated that the Petitioner was FCC licensed. He stated that the site was optimal in order to fill a coverage gap. He stated that alternative sites had been researched, but that there was no reasonable alternative site available. He also stated that he had an appraisal report indicating that the proposed installation would have no impact on the property values of adjacent properties.

Several neighbors spoke or wrote in opposition to the proposal based on negative effects to their businesses, which included schools and medical facilities, and to their property values. Some neighbors expressed concern about adverse health effects on students attending schools in the immediate neighborhood. The Chair explained that there is a federal law which has limited the Board's ability to deny an application based upon the health and environmental effects of the Petitioner's installation. John Lobosco the owner of a unit at 733 Concord Avenue opposed the special permit explaining that the visibility of the antenna decreased residential real estate values in the area, including the value of his property. He also expressed concern about whether alternative sites in Cambridge or neighboring towns were considered.

Dr. Lydia Knutson, an abutter who operates an abutting medical office, submitted a letter from a real estate broker, Robin L. Miller, Senior Broker Associate, ASP Realtor. In the letter Ms. Miller states that she has almost 29 years of experience in real estate and that Dr. Knutson's medical condominium at 777 Concord Avenue would be devalued by the installation of the antennae.

Another abutter, Fred Langenegger, who resides at 773 Concord Avenue, submitted a letter from Linda Anderson, GRI, CBR, of the Anderson-Roser Realty Team, which states that having the Petitioner's installation next to a green building would be particularly adverse to the market value the property located at 773

1

Concord Avenue, Unit #105, stating that the installation would "negate this normally advantageous quality" of having a "green" building.

The Chair read a letter from Paul E. Szarmach and Katherine O'Keeffe, who reside at 773 Concord Avenue, No. 406, indicating their "vigorous opposition" to the Petitioner's installation because their unit has four sets of windows facing the proposed installation. They stated that the view from these windows will be "irretrievably compromised." They stated that based upon their research, they believe they could lose between four to ten percent ($60,000) of the value of their unit if the Petitioner's installation were to be approved.

Board members expressed concerns that the Petitioner did not have the ability to satisfy the requirement under Article 10, Section 10.43.c of the Ordinance, which required that the continued operation of adjacent uses not be adversely affected by the proposed use. The Chair noted that there were a number of buildings in the area which could provide the height that the Petitioner stated was necessary for the installation. Several Board members noted that there is an industrial area and industrial park adjacent to this proposed installation. Board members stated that there are better sites that have not been exhausted particularly near Route 2, on Fawcett Street and in the industrial area adjacent to the proposed installation.

After discussion, the Chair moved that the Board grant the special permit for relief in order to locate mobile communications antennas on the roof of the existing building and place equipment inside an existing ground level garage space based upon the finding that the Petitioner was a duly licensed FCC carrier in good standing. The Chair moved that the Board find that the Petitioner had taken steps to camouflage the visual impact of the proposed antennas and other telecommunication equipment on the building. The Chair moved that the Board find that traffic generated or patterns of access would not cause congestion, hazard or substantial change in established neighborhood character. The Chair moved that the Board find that the continued operation of adjacent uses would not be adversely affected by the nature of the proposed use. The Chair moved that the Board find that no nuisance or hazard would be created to the detriment of the health, safety, and/or welfare of the occupant or the citizens of the city. The Chair moved that the Board find that what was proposed would not impair the integrity of the district or adjoining district or otherwise derogate from the intent and purpose of the Ordinance. The Chair moved that the Board grant the Special Permit subject to the following conditions:

1. that the work proceed in accordance with plans submitted by the Petitioner, dated October 3, 2013, with the first page initialed by the Chair and with undated photo simulations, with the first page initialed by the Chair, and

2. that the Special Permit be limited to one year and at the end of one year the Special Permit would no longer be in effect and the Petitioner would need to reapply in order to seek another Special Permit.

The five member Board voted two in favor of granting the special permit (Alexander and Hughes) as conditioned and three opposed (Sullivan, Scott, and Green). Therefore, the special permit is denied.

The Board based its decision upon all the information presented, and upon the failure of the following findings:
1) The meeting of the requirements of the Ordinance;
2) Traffic generated or patterns of access or egress would not cause congestion, hazard, or substantial change in the established neighborhood character;
3) The continued operation of or the development of adjacent uses as permitted in the Ordinance would not be adversely affected by the nature of the proposed uses;
4) Nuisance or hazard would not be created to the detriment of the health, safety and /or welfare of the occupants of the proposed use;
5) The proposed use would not impair the integrity of the district or adjoining district or otherwise derogate from the Ordinance, and in fact would be a significant improvement to the structure and benefit the neighborhood, and;
6) The new use or building construction is not inconsistent with the Urban Design Objectives set forth in Section 19.30 of the Cambridge Zoning Ordinance.

_____
Constantine Alexander, Chair

Attest: A true and correct copy of decision filed with the offices of the City Clerk and Planning Board on __1-29-14__ by __Maria Pacheco__, Clerk.

Twenty days have elapsed since the filing of this decision.

No appeal has been filed _____.

Appeal has been filed and dismissed or denied.

Date: _____           _____ City Clerk.

FEB 0 3 2014

CERTIFIED COPY

_Donna P. Lopez_
City Clerk

3