IN THE UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BELL ATLANTIC MOBILE OF MASSACHUSETTS CORPORATION, LTD. d/b/a VERIZON WIRELESS ) ) ) ) | Civil Action No. 14-CV-10431-FDS |
| Plaintiff, ) ) | |
| v. ) ) | |
| CITY OF CAMBRIDGE, MASSACHUSETTS; CITY OF CAMBRIDGE BOARD OF ZONING APPEAL; and CONSTANTINE ALEXANDER, TIMOTHY HUGHES, BRENDAN SULLIVAN, THOMAS SCOTT, JANET O. GREEN, DOUGLAS MYERS, SLATER W. ANDERSON, LINDSEY T THORNE-BINGHAM, AND ANDREA A. HICKEY, as they are the Members and Associate Members of the City of Cambridge Board of Zoning Appeal, ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. ) ) ) | |

## DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT

The City of Cambridge, Massachusetts ("City"), the City of Cambridge Board Of Zoning Appeal, and Constantine Alexander, Timothy Hughes, Brendan Sullivan, Thomas Scott, Janet O. Green, Douglas Myers, Slater W. Anderson, Lindsey T. Thorne-Bingham, and Andrea A. Hickey, as they are Members and Associate Members of the City of Cambridge Board of Zoning Appeal ("BZA")(collectively together hereinafter "Defendants"), move pursuant to Rule (12)(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Plaintiff Bell Atlantic Mobile of Massachusetts Corporation, Ltd. d/b/a

1

Verizon Wireless' ("Plaintiff") Complaint because there is no allegation that the Plaintiff followed required state law in preserving its rights related to its request for a special permit, prior to federal review. Further, there are no attorneys fees or costs permitted, and the City of Cambridge is not a proper party, now that the Plaintiff has dropped its allegations under 42 U.S.C. §1983.

This Motion is supported by the Defendants' Memorandum in Support filed herewith.

WHEREFORE, the City prays that this Court dismiss with prejudice the Complaint herein.

Dated: May 16, 2014.

Respectfully submitted,
Defendants CITY OF CAMBRIDGE, MASSACHUSETTS; CITY OF CAMBRIDGE BOARD OF ZONING APPEAL; and CONSTANTINE ALEXANDER, TIMOTHY HUGHES, BRENDAN SULLIVAN, THOMAS SCOTT, JANET O. GREEN, DOUGLAS MYERS, SLATER W. ANDERSON, LINDSEY T. THORNE-BINGHAM, and ANDREA A. HICKEY, as they are the Members and Associate Members of the City of Cambridge Board of Zoning Appeal

By their Attorney,

/s/ Paul S. Kawai
Paul Kawai (BBO#662168)
pkawai@cambridgema.gov
Law Department – City Hall
795 Massachusetts Avenue

                                              Cambridge, MA 02139
                                              (617) 349-4121

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for Plaintiff through the ECF system on May 16, 2014.

/s/  Paul S. Kawai
Paul S. Kawai, Esq.

### Local Rule 7.1(A)(2) Certification

I hereby certify pursuant to Local Rule 7.1(A)(2) that counsel has conferred in good faith in an attempt to narrow any issues related to this motion.

/s/  Paul S. Kawai
Paul S. Kawai, Esq.

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BELL ATLANTIC MOBILE OF MASSACHUSETTS CORPORATION, LTD. d/b/a VERIZON WIRELESS </br></br> Plaintiff, </br></br> v. </br></br> CITY OF CAMBRIDGE, MASSACHUSETTS; CITY OF CAMBRIDGE BOARD OF ZONING APPEAL; and CONSTANTINE ALEXANDER, TIMOTHY HUGHES, BRENDAN SULLIVAN, THOMAS SCOTT, JANET O. GREEN, DOUGLAS MYERS, SLATER W. ANDERSON, LINDSEY T THORNE-BINGHAM, AND ANDREA A. HICKEY, as they are the Members and Associate Members of the City of Cambridge Board of Zoning Appeal, </br></br> Defendants. | Civil Action No. 14-CV-10431- FDS |

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

I.   INTRODUCTION

The City of Cambridge, Massachusetts ("City"), the City of Cambridge Board Of Zoning Appeal, and Constantine Alexander, Timothy Hughes, Brendan Sullivan, Thomas Scott, Janet O. Green, Douglas Myers, Slater W. Anderson, Lindsey T. Thorne-Bingham, and Andrea A. Hickey, as they are Members and Associate Members of the City of Cambridge Board of Zoning Appeal ("BZA")(collectively "Defendants"), move this Court to dismiss the Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules

1

of Civil Procedure, because (A) Plaintiff failed to comply with state law by filing a notice of appeal of the BZA decision within 20 days to preserve the right to appeal the decision, making federal review inappropriate and moot because regardless of the basis of the decision, the procedural steps were not fulfilled and the decision has become final and unappealable; (B) the Supreme Court of the United States has determined that attorneys' fees and costs are not allowable in a Telecommunications Act case;  and (C) the City of Cambridge is not an appropriate party now that the count involving 42 U.S.C. §1983 has been dropped.

II.     FACTUAL BACKGROUND

Plaintiff Bell Atlantic Mobile of Massachusetts Corporation, Ltd. d/b/a Verizon Wireless alleges that it filed an application with the City of Cambridge Board of Zoning Appeal for a special permit to install 12 antennae at the building located at 799 Concord Avenue in Cambridge, Massachusetts.  See Complaint, at ¶22.  On January 29, 2014, the application was denied, and such decision was filed in the City Clerk's office on the same date. Id. at  ¶34.

The Plaintiff filed its original Complaint on February 26, 2014, alleging a violation of the Telecommunications Act of 1996 (47 U.S.C. §332) ("TCA"), and a civil rights action pursuant to 42 U.S.C. §1983, and requesting punitive damages, attorneys' fees and costs.  After the Defendants filed their original motion to dismiss, the Plaintiff filed an Amended Complaint, which dropped the civil rights action pursuant to 42 U.S.C. §1983, and dropped Plaintiff's request for punitive damages.

III.    DISCUSSION

    A.      A Condition Precedent to this Appeal is that Plaintiff File a Timely Notice of Appeal Required by State Zoning Law.  Because Plaintiff Did

> Not Do So, the Decision Became Final And Unappealable on February 19, 2014.

The Plaintiff in this case has failed to state a claim because it has not alleged that it filed a notice of appeal with the City Clerk stating that it was appealing the BZA decision in question within 20 days of the decision. G.L. c. 40A, §17 provides that any person who wishes to appeal a decision of the BZA must provide notice to "such city or town clerk so as to be received within such twenty days"[1] (the "Notice Requirement"). The decision of the BZA is thus final and unappealable, and the Plaintiff's action is therefore moot. There is nothing for this Court to review because the Special Permit has been finally denied and Plaintiff failed to provide the required notice for preserving any rights for review of the decision. O'Blenes v. Zoning Board of Appeals of Lynn, 397 Mass. 555, 558 (1986) (the law is unambiguous that dismissal is required); Bingham v. City Council of Fitchburg, 52 Mass. App. Ct. 566, 754 N.E.2d 1078 (2001)("Failures in meeting the twenty-day deadline are not forgiven.")(citations omitted).

1. State Law Is Preempted By The TCA Only Where It Conflicts With Federal Law

Where Congress has left room for a state law to supplement the federal law, the state law is only preempted "to the extent that it actually conflicts with federal law. Such a conflict arises when 'compliance with both federal and state regulations is a physical impossibility . . . or where state law 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'" See, e.g., Pacific Gas &

---

[1] G.L. c. 40A, §17 provides "Any person aggrieved by a decision of the board of appeals or any special permit granting authority . . . may appeal to the land court department, the superior court department . . . by bringing an action within twenty days after the decision has been filed in the office of the city or town clerk . . . Notice of the action with a copy of the complaint shall be given to such city or town clerk so as to be received within such twenty days."

3

Electric Co. v. State Energy Resources Conservation & Development Com'n, 461 U.S. 190, 204 (1983)(citations omitted).

The TCA contains language that recognizes and protects local autonomy regarding telecommunications facilities.  Congress was explicit that the TCA does not preempt state and local authority with respect to any zoning and land use issues pertaining to telecommunications facilities, other than as delineated in §332(c)(7) of the TCA.  See 47 U.S.C. §332(c)(7)(A)("Except as provided in this paragraph, nothing in this chapter shall limit or affect the authority of a State or local government or instrumentality thereof over decisions regarding the placement, construction and modification of personal service facilities.")

        2.        State Law In This Case Is Entirely Consistent With the TCA

The Telecommunications Act was intended by Congress to impose a speedy resolution of any action brought in this context.  See, e.g., Brehmer v. Planning Bd. Of Town of Wellfleet, 238 F.3d 117 (1st Cir. 2001)(". . .the TCA provision that provides a cause of action in this setting places a premium on the speedy resolution of such proceedings, directing district courts to 'hear and decide such actions on an expedited basis.'  47 U.S.C. §332(c)(7)(B)(v)"); Town of Amherst, N.H. v. Omnipoint Communications Enterprises, Inc., 173 F.3d 9, 17 n.8 (1st Cir. 1999)("Congress made clear in two different provisions that it expected expeditious resolution both by the local authorities and by courts called upon to enforce the federal limitations").

The Notice Requirement set forth in G.L. c. 40A, §17 does not conflict with any provision of the TCA, and in fact is entirely consistent with the intent of Congress, that these appeals under the TCA be expedited.  The TCA contains a 30 day limitation with

respect to filing in federal Court, and if the telecommunications provider misses the deadline, it misses its right to appeal pursuant to federal law.  See 47 U.S.C. §332(c)(7)(B)(v).  In this case, Plaintiff was required to file its notice of appeal with the City Clerk within 20 days under state law, and in addition, to file its Complaint under the TCA in federal Court if it so chose within 30 days.  Compliance with the Notice Requirement would have provided notice to the public and to the City of the lack of challenge to the BZA decision.

The Plaintiff in this case alleges that the Defendants failed to issue a decision supported by substantial evidence in a written record in violation of 47 U.S.C. §332(c)(7)(B)(iii),[2] and that the Defendants based the decision on environmental effects of radio frequency emissions in violation of 47 U.S.C. §332(c)(7)(B)(iv).[3]  The Plaintiffs lose their right to bring the action at all if they do not file in Federal Court within the 30 day window contained in the TCA, regardless of whether the decision lacked a basis in substantial evidence, or was based upon the environmental effects of radio frequency emissions.  47 U.S.C. §332(c )(7)(B)(v).  The Notice Requirement is consistent with all aspects of the TCA in the same manner as the 30 day filing deadline under 47 U.S.C. §332(c)(7)(B)(v) is consistent with the intent of the Congress to have quick resolution of the issues under the TCA.  The Notice Requirement in fact furthers the TCA's stated purpose of requiring these issues to be resolved quickly, and provides any interested third parties or abutters with notice that the BZA decision was being challenged.  See Bingham

---

[2] Defendants assert that they did issue a decision supported by substantial evidence in a written record, and denies this allegation.

[3] Defendants assert that it did not base its decision on environmental effects of radio frequency emissions, and deny this allegation.

v. City Council of Fitchburg, 52 Mass. App. Ct. 566, 569, 754 N.E.2d 1078, 1080-81 (2001).

> 3. Plaintiff Was Required to Comply With State Law Prior To Bringing This Federal Action

The Plaintiff was required to comply with state law prior to bringing this federal appeal. See, e.g. New York SMSA Ltd. Partnership d/b/a Verizon Wireless v. Town of Riverhead Town Board, 118 F. Supp. 2d 333 (E.D.N.Y. 2000)(dismissing a TCA action based upon the failure of the plaintiff to comply with New York procedural requirements to obtain an environmental declaration, stating "Nor will compliance with the SEQRA [environmental declaration] process deny Verizon its rights under the TCA. The positive declaration merely requires compliance with State law prior to federal (or state) judicial review of the Town's determination.") In the instant case, strict compliance with the state law's twenty-day notice period is required by the plain language of G.L. C. 40A, s. 17, and it is also justified by the public's interest in assuring that there is a timely record in the city clerk's office giving notice to interested persons that the decision has been challenged. The Plaintiff cannot just ignore requirements under state law; it was required to perform all steps under state and local law as well as under federal law.

As part of the BZA process for making and providing finality to its decisions, notice to neighbors and abutters is a central state and local requirement in all aspects of the review of the placement, construction and modification of personal service facilities. See G.L. c. 40A, § 11("'parties in interest' shall mean the petitioner, abutters, owners of land directly opposite on any public or private street or way, and abutters to abutters within three hundred feet . . .")("notice shall be given by publication in a newspaper of general circulation . . . "); G.L. c. 40A, §15(". . . notice of the decision shall be mailed

forthwith to the . . . parties in interest [abutters]").   The central purpose of the Notice Requirement is to provide notice to abutters that the BZA decision is being challenged. Bingham v. City Council of Fitchburg, 52 Mass. App. Ct. 566, 569, 754 N.E.2d 1078, 1080-81 (2001)(holding that the purpose of the state law's requirement of providing the notice of appeal within 20 days is to "give interested third persons at least constructive notice of the appeal." )  Bingham v. City Council of Fitchburg, 52 Mass. App. Ct. 566, 569, 754 N.E.2d 1078, 1080-81 (2001).  The Notice Requirement allows abutters or third parties to rely upon the finality of the Board's decision after twenty days have elapsed and no appeal has been filed.  Because the Plaintiff in this case failed to comply with the Notice Requirement that is part of the BZA's review of the placement, construction and modification of the personal service facilities, which was expressly reserved by the TCA for local control,[4] the Defendants respectfully request that all counts of the Complaint be dismissed.

      B.      <u>Attorneys' Fees and Costs Are Not Awardable in a TCA Case</u>

In its Original Complaint, the Plaintiff alleged that it was entitled to its attorneys' fees, costs and punitive damages  through an action pursuant to 42 U.S.C. §1983 ("Civil Rights Count"), but after having reviewed the City's original Motion to Dismiss, Plaintiff dropped its Civil Rights Count and request for punitive damages.  See Amended Complaint.  However, the Plaintiff failed to remove the request for attorneys' fees and costs from its Complaint.

The United States Supreme Court has already ruled that attorneys' fees and costs are not permissible in the context of a TCA case.  City of Rancho Palos Verdes v.

---

[4] See 47 U.S.C. §332(c)(7)(A)(". . . nothing in this chapter shall limit or affect the authority of a State or local government or instrumentality thereof over decisions regarding the placement, construction and modification of personal service facilities.")

7

Abrams, 544 U.S. 113, 127 (2005).  In Abrams, the respondent in the case prevailed in a TCA case, and requested his attorneys' fees and costs through an action under 42 U.S.C. §1983 (much like the Plaintiff alleged in the original Complaint in this case).  Id. at 123-24.  The Court held that because the TCA already contained an explicit remedy (injunctive relief), resort to a request for attorneys' fees and costs through 42 U.S.C. §1983 was not permissible.  Id. at 23-27 ("Liability for attorneys' fees would have a particularly severe impact in the [TCA] context, making local governments liable for the (often substantial) legal expenses of large commercial interests . . . enforcement of [the TCA] through §1983 would distort the scheme of  . . . limited remedies created by §332(c)(7)(B)(v).  We therefore hold that the TCA-by providing a judicial remedy different from §1983 in §332(c)(7) itself, precluded resort to §1983."); Id. at n.4 ("Absent express provision to the contrary, litigants must bear their own costs.")

Thus, because Plaintiff has now limited the Complaint to a TCA claim, attorneys' fees and costs are not permitted based upon the explicit ruling of the United States Supreme Court, and such request should be dismissed.

C.     The Defendant City of Cambridge Is Not a Proper Party

The TCA provides that "Any person adversely affect by any final action . . . by a State or local government or any instrumentality thereof that is inconsistent with" the TCA may file an action in Court.  47 U.S.C. §332(c)(7)(B)(v).  The Plaintiff has named the City of Cambridge, which had no part in the "final action" because it had no part in issuing the decision in question.  See, Cambridge Zoning Ordinance, Article 10.13(b)(providing that the Board of Zoning Appeal decides applications for special permits); G.L. c. 40A, §1A ("'Special permit granting authority' shall include the board

8

of selectmen, city council, board of appeals, planning board, or zoning administrators as designated by zoning ordinance or by law for the issuance of special permits.")

While in the original Complaint the Plaintiff in the Civil Rights Count made claims against the City, in the Amended Complaint all allegations contained in Counts I and II (the remaining counts, which both involve the TCA) are solely made against the "Board," which Plaintiff defines as the Board of Zoning Appeal.  See Amended Complaint.  As such, the Defendants request that the Defendant City of Cambridge, Massachusetts be dismissed.

III.   CONCLUSION

For the foregoing reasons, the Defendants request that Plaintiff's Amended Complaint be dismissed with prejudice in the entirety.


Dated:  May 16, 2014.

                    Respectfully submitted,
Defendants CITY OF CAMBRIDGE, MASSACHUSETTS; CITY OF CAMBRIDGE BOARD OF ZONING APPEAL; and CONSTANTINE ALEXANDER, TIMOTHY HUGHES, BRENDAN SULLIVAN, THOMAS SCOTT, JANET O. GREEN, DOUGLAS MYERS, SLATER W. ANDERSON, LINDSEY T. THORNE-BINGHAM, and ANDREA A. HICKEY, as they are the Members and Associate Members of the City of Cambridge Board of Zoning Appeal

By their Attorney,

/s/ Paul S. Kawai_____

        Paul Kawai (BBO#662168)
        pkawai@cambridgema.gov
        Law Department – City Hall
        795 Massachusetts Avenue
        Cambridge, MA 02139
        (617) 349-4121

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for Plaintiff through the ECF system.

/s/ Paul S. Kawai
Paul S. Kawai, Esq.