UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BELL ATLANTIC MOBILE OF MASSACHUSETTS CORPORATION, LTD. d/b/a VERIZON WIRELESS,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF CAMBRIDGE, MASSACHUSETTS; CITY OF CAMBRIDGE BOARD OF ZONING APPEAL; and CONSTANTINE ALEXANDER, TIMOTHY HUGHES, BRENDAN SULLIVAN, THOMAS SCOTT, JANET O. GREEN, DOUGLAS MYERS, SLATER W. ANDERSON, LINDSEY T. THORNE-BINGHAM, and ANDREA A. HICKEY, as they are the Members and Associate Members of the City of Cambridge Board of Zoning Appeal,<br><br>    Defendants. | Civil Action No. 14-CV-10431-FDS |

## PLAINTIFF BELL ATLANTIC MOBILE OF MASSACHUSETTS CORPORATION, LTD. d/b/a VERIZON WIRELESS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Plaintiff Bell Atlantic Mobile of Massachusetts Corporation, Ltd. d/b/a Verizon Wireless ("Verizon Wireless") submits this Memorandum in Opposition to Defendants' Motion to Dismiss First Amended Complaint ("Motion to Dismiss").

### I.   FACTUAL BACKGROUND

Verizon Wireless is a Personal Wireless Service ("PWS") provider, as defined under the TCA, and is licensed by the Federal Communications Commission ("FCC") to provide service to an area that includes the City of Cambridge, Massachusetts.  First Amended Complaint ("Complaint"), ¶ 16.  Employing RF engineering principles, Verizon Wireless' RF engineers

determined that Verizon Wireless requires a cell site in Cambridge in the area along Concord Avenue, near the border of Cambridge and Belmont, in order to fill a gap in signal coverage. Complaint, ¶ 19. Verizon Wireless determined that an existing building located at 799 Concord Avenue, Cambridge (the "Property") is the most suitable and feasible available location for a PWS facility to address the area for which coverage is needed. Complaint, ¶ 20. The area surrounding the Property contains a mix of commercial, institutional and residential uses. Id.

On or about September 6, 2013, Verizon Wireless filed an application with the City of Cambridge Board of Zoning Appeal ("Board") for a special permit under Sections 4.32(g)(1) and Footnote 49 (Section 4.40.49) and Sections 10.40-10.46 of the Ordinance to allow its proposed PWS facility to be located on and within the existing building on the Property (the "Application"). Complaint, ¶ 22. The proposed PWS facility would be a personal wireless services facility within the meaning of the TCA and a mobile communications facility within the meaning of Section 4.32.g.1 and accompanying Footnote 49 of the Ordinance. Complaint, ¶ 23. The siting in Cambridge of telecommunications facilities generally, and PWS facilities in particular, is governed principally by Section 4.32(g)(1) of the Ordinance. Complaint, ¶ 24.

On September 17, 2013, the City of Cambridge Planning Board ("Planning Board") reviewed the Application. Complaint, ¶ 27. Based on that review, the Planning Board forwarded a positive recommendation to the Board, on the condition that the proposed antennas "not break the roofline" of the rooftop penthouses. Id. In response to the condition in the Planning Board's recommendation, Verizon Wireless revised its design to lower the height of the proposed antennas on the walls of the existing rooftop penthouses so that these antennas would not extend above the edge of the penthouse roof. Complaint, ¶ 28. On October 7, 2013, Verizon

Wireless filed with the Board revised site plans and photo-simulations depicting the revised design in accordance with the condition in the Planning Board recommendation.  Id.

On October 10, 2013, the Board opened a public hearing to consider the Application.  Complaint, ¶ 29.  The hearing was continued to and closed on December 5, 2013 (the "Hearing").  Id.  After closing the Hearing on December 5th, the Chair moved to approve Verizon Wireless' Application, subject to a condition that the term of the special permit only be for one year.  Complaint, ¶ 32.  Despite the Chair's findings and recommendations on the motion to approve the Application, the five voting members of the Board voted two in favor and three opposed, meaning that the motion failed and the Application was denied.  Complaint, ¶ 33.

On January 29, 2014, the Board issued its written decision denying Verizon Wireless' Application (the "Decision").  Complaint, ¶ 34.  The Decision was filed with the City Clerk on January 29, 2014.  Id.  As justification for denying the Application, the Decision merely repeated the general special permit standards from Section 10.43 of the Ordinance and concluded, without analysis or justification, that the Application had failed to meet those standards.  Complaint, ¶ 35.  There was no indication in the Decision of the grounds on which the Board had concluded that any of these standards were not satisfied.  Id.  On February 26, 2014, Verizon Wireless timely filed its complaint in this Court.

**II.    ARGUMENT**

    **A.    Motion to Dismiss standard pursuant to Fed. R. Civ. P. 12(b)(6).**

The standard under which motions pursuant to Fed. R. Civ. P. 12(b)(6) are to be considered is well established.  For the purposes of a motion to dismiss, all well-pleaded allegations are accepted as true, and the plaintiff is given the benefit of all reasonable inferences.  See Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999).  Dismissal under Fed. R. Civ.

P. 12(b)(6) is only appropriate if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp., 550 U.S. at 563. Assuming that the facts pleaded by Verizon Wireless in its Complaint are true, Verizon Wireless has properly stated claims for relief under the Telecommunications Act of 1996, 47 U.S.C. § 332.

> **B.     Verizon Wireless is not required to comply with state law requirements of G. L. c. 40A, § 17 to maintain an action pursuant to the Telecommunications Act of 1996, 47 U.S.C. § 332 ("TCA").**

Defendants argue that Verizon Wireless' Complaint must be dismissed because Verizon Wireless did not comply with the appeal period set out in M. G. L. c. 40A, § 17 for state law appeals. Specifically, Defendants assert that in order to maintain its action under 47 U.S.C. §332 (c)(7)(B)(v), Verizon Wireless was required to file notice of this action with the "city or town clerk so as to be received within such twenty days" in accordance with the requirement of state law for an appeal brought under M. G. L. c. 40A, § 17. Simply put, there is no legal basis for that assertion.

> **1.     The notice requirement of G. L. c. 40A § 17 applies to zoning appeals under that state statute, not to every action challenging zoning decisions.**

G. L. c. 40A Section 17 provides for judicial review under the Massachusetts Zoning Act of decisions by a zoning board of appeals or special permit granting authority. It specifies that an aggrieved party "may appeal . . . by bringing an action within twenty days after the decision has been filed in the office of the city or town clerk." It further provides that "[n]otice of the action with a copy of the complaint shall be given to such city or town clerk so as to be received within such twenty days." G. L. c. 40A, § 17. It then goes on to mandate the contents of a

complaint brought under that section, to set forth a special process for serving the complaint, and to otherwise establish specialized procedures particular to a complaint brought under that section. The plain language of this state statute gives no indication that its specialized procedural provisions, such as the requirement to notify the city or town clerk within twenty days, are intended to apply other than in the context of a complaint seeking relief under G. L. c. 40A, Section 17. In an effort to avoid having to defend against the Complaint on its merits, Defendants strain to apply the state law notice requirement of G. L. c. 40A to this action, which is brought solely pursuant to the TCA.

**2.     The twenty-day notice provision of G. L. c. 40A § 17 conflicts with the 30 day limitations period of the TCA and, as such, is expressly preempted by the federal statute.**

The TCA effectuates a federal policy to "promote competition and higher quality in American telecommunications services and to encourage the rapid deployment of new telecommunications technologies." Rancho Palos Verdes v. Abrams, 544 U.S. 113, 115 (2005). It is well-settled that the TCA makes "substantive changes to the local zoning process by preempting any local regulations, including zoning regulations, which conflict with its provisions." Sprint Spectrum L.P. v. Town of Easton, 982 F. Supp. 47, 50 (D. Mass. 1997). Courts have recognized that "[u]nder the TCA, local zoning ordinances . . . apply only to the extent that they do not interfere with other provisions of the Act." Brehmer v. Planning Bd., 238 F.3d 117, 122 (1st Cir. Mass. 2001). It is often the case that "the state law that might ordinarily control such disputes is preempted" by the TCA. Id. at 121. Among the provisions of the TCA effectuating federal policy by limiting the "traditional authority of state and local governments to regulate" with respect to wireless facility siting, is §332(c)(7)(B)(v), which provides as follows:

> Any person adversely affected by any final action or failure to act by a
> State or local government or any instrumentality thereof that is
> inconsistent with this subparagraph may, within 30 days after such action
> or failure to act, commence an action in any court of competent
> jurisdiction.

Rancho Palos Verdes, 544 U.S. at 116.  The state law requirement to file notice of an appeal, including a copy of the complaint filed by the plaintiff, within 20 days, would directly conflict with the 30 days limitations period articulated by the TCA if applied to an action seeking relief pursuant to 47 U.S.C. § 332(c)(7)(A)(v).

Defendants assert that there is no conflict between the TCA and G. L. c. 40A because Verizon Wireless could have filed the notice of appeal required by G. L. c. 40A, § 17 within 20 days of the Decision and then could have filed "its Complaint under the TCA in federal Court **if it so chose** within 30 days." Memorandum in Support of Defendants' Motion to Dismiss First Amended Complaint, Section III.A.2, page 4 (emphasis added).  That assertion ignores the fact that G. L. c. 40A, § 17 does not merely require notice that a complaint will be filed, it calls for the appellant to file "[n]otice of the action **with a copy of the complaint**. . . [with] such city or town clerk so as to be received within such twenty days." G. L. c. 40A, § 17 (emphasis added). Applying this requirement in the context of a complaint brought under G. L. c. 40A § 17 itself is logical, because the limitations period under G. L. c. 40A, § 17 is also 20 days.  Applying the state law 20-day notice requirement to an action brought under the TCA, however, would effectively shorten the 30-day limitations period provided under the federal law.  That result puts the 20-day notice of appeal requirement of G. L. c. 40A, § 17 in direct conflict with the TCA, and requires a finding that the notice provisions of the state zoning law are preempted by the TCA.  See Sprint Spectrum L.P., 982 F. Supp. at 50.

### 3. The Defendants' argument is undercut by First Circuit precedent.

The argument articulated by Defendants has already been rejected by the First Circuit Court of Appeals in Omnipoint Holdings, Inc. v. City of Cranston, 586 F.3d 38 (1st Cir. R.I. 2009). Although Omnipoint examined the argument in the context of the Rhode Island zoning statute, the principles articulated by the First Circuit are directly applicable to the present case.

In Omnipoint, the City of Cranston ("Cranston") argued that the plaintiff did not have a right of appeal under the TCA because the local board's decision could not be considered a "final decision" appealable under the TCA until the plaintiff had litigated an action pursuant to the Rhode Island state zoning statute. Cranston argued that because the Rhode Island zoning statute only allows a local board's decision to be overturned on one of six specific bases, "state court proceedings [are] part of a 'comprehensive statutory scheme' for state zoning decisions that is not *final* until after state court review finishes." Omnipoint Holdings, Inc., 586 F.3d at 46 (emphasis in original).

The First Circuit rejected Cranston's argument, noting that the TCA allows review of a "final action . . . by a . . . local government or any instrumentality thereof" and finding, under the TCA, that "a final action must be one that marks the consummation of the *instrumentality's* decision making process." Id. at 47 (emphasis in original). In addition, the Court specifically stated that "[t]o hold [that the plaintiff] nevertheless needed to sue in state court would undermine the TCA's goals by imposing a new regulatory obstacle to providing consumers with wireless service." Id. at 47. The First Circuit also noted, with approval, the ruling articulated by the Seventh Circuit Court of Appeals in Sprint Spectrum L.P. v. City of Carmel, 361 F.3d 998 (7th Cir. 2007), in which the Seventh Circuit stated that a wireless carrier would not need to

"exhaust[] all state judicial remedies before bringing suit in federal court." Sprint Spectrum L.P. v. City of Carmel, 361 F.3d at 1001.

In Brehmer (a case also cited by Defendants in support of their position), the defendants argued that the trial court, having found that the local board's denial of a special permit was a violation of the TCA, was required by Massachusetts zoning law to remand the matter to the local board for further proceedings. The First Circuit held that that requirement stood "as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress and [was] consequently preempted by the TCA." Brehmer, 238 F.3d at 122 (quoting Hines v. Davidowitz, 312 U.S. 52, 67 (1941)) (internal quotations omitted). The First Circuit went on to state that "[h]aving determined that Congress meant to empower district courts to order that town planning board decisions in violation of § 332(b)(7)(C) be set aside, **it would make little sense to further conclude that courts exercising that authority must do so within the confines of state zoning procedure**." Id. at 121 (emphasis added). In a similar way, Congress having determined that a plaintiff should have 30 days after a zoning decision to file an action challenging that decision under 47 U.S.C. § 332(c)(7)(B), it would make little sense to hold the plaintiff to a state zoning requirement that it provide notice and a copy of its complaint to the municipality within 20 days of the decision.

      **4.    Defendants' reliance on <u>New York SMSA Limited Partnership. v. Town of Riverhead Town Board</u> is inapposite.**

Defendants cite to New York SMSA Limited Partnership v. Town of Riverhead Town Board, 118 F. Supp. 2d 333 (E.D.N.Y. 2000) for the proposition that Verizon Wireless must comply with state law requirements before being permitted to bring a claim pursuant to the TCA. See Memorandum in Support of Defendants' Motion to Dismiss First Amended Complaint, Section III.A.3, page 6. Defendants misstate the holding of that case.

In New York SMSA Limited Partnership, the plaintiff sought a special permit from the local board to construct a wireless communication facility. New York SMSA Limited Partnership, 118 F. Supp. 2d at 335. As part of the application process, the plaintiff submitted an Environmental Assessment Form in connection with the review of the project site pursuant to the New York State Environmental Quality Review Act ("SEQRA"). Id. As the Court noted, "SEQRA is a New York State law reflecting the intent of the New York State Legislature that state agencies "conduct their affairs with an awareness that they are stewards of the air, water, land and living resources, and that they have an obligation to protect the environment for the use and enjoyment of this and all future generations." Id. After a hearing on the plaintiff's application, the local board issued a SEQRA determination stating "that the Town [had] reason to believe the potential for significant impact exists relative to conflict with adopted plans or goals, area character, aesthetics and human health" and that this potential warranted the preparation of an environmental impact statement. Id. at 338. Under SEQRA, the local board's determination required the plaintiff to prepare and submit a full environmental impact statement. Id.

As the Court noted, "[i]nstead of moving forward with preparation of its [environmental impact statement] and the SEQRA process" the plaintiff chose to file an action in the federal court pursuant to the TCA claiming that the local board's determination was "tantamount to a denial of the requested permit" and that the plaintiff was entitled a declaration as to whether this tantamount denial was supported by substantial evidence. Id. at 338-39. Importantly, and as the Court specifically noted, the local board had not actually denied the plaintiff's application. Rather, the local board had delayed its decision pending the plaintiff's submission of the required environmental impact statement. See id. at 341.

9

As a consequence, the Court properly noted that allowing the plaintiff's action to go forward before the local board had actually approved or denied the requested permit, would "completely short-circuit the SEQRA process in violation of well-established state procedure." Id. at 342.  As the Court pointed out, "New York courts characterize a positive SEQRA declaration as an interim determination, which is not ripe for judicial review until the agency has made a final decision."  Id.  Thus, there was no local action to challenge under the TCA.  The Court concluded that "allowing [the plaintiff] to go forward here would allow [it] to accomplish in Federal court that which it cannot accomplish in State court -- judicial review of a positive SEQRA declaration -- a review which this court is unwilling to undertake."  Id.  This ruling has no bearing on the situation presented in the present case, where (1) Verizon Wireless has complied with all state and local requirements up to the point of the local board's decision and (2) the Board actually issued a final substantive denial of the permit for which Verizon Wireless had applied.

New York SMSA Limited Partnership stands for the proposition that an applicant must comply with state and local requirements up to the point of the local board's decision on the application.  For example, an applicant would not be entitled to file a TCA action in anticipation of a denial by the local board.  Defendants ask this Court to extend this holding to determine that a TCA plaintiff must comply with state law post-decision jurisdictional requirements in order to properly raise a federal claim.  New York SMSA Limited Partnership does not stand for that proposition, and Defendants' reliance on that case is misplaced.

    **C.**    **Plaintiff's Complaint does not include a count for attorney's fees or punitive damages.**

Defendants next ask this Court to dismiss Verizon Wireless' claim for attorney's fees based on the assertion that the TCA does not provide for attorney's fees and that Verizon

Wireless is prohibited from seeking attorney's fees pursuant to 42 U.S.C. § 1983. Verizon Wireless does not dispute Defendants' assertion in this regard, however, Defendants argument regarding attorney's fees is nonetheless unavailing.

Verizon Wireless' Complaint in this action includes two separate counts. Both Counts I and II assert claims premised entirely on the Defendants' violations of the TCA. Although the Complaint does contain a form request for fees and costs in the prayer for relief, notably, Verizon Wireless' Complaint does not include a count for attorney's fees. Rather, Counts I and II seek injunctive relief requiring Defendants to issue the permit sought by Verizon Wireless. Accordingly, even assuming Defendants correctly assert that there is no set of facts or circumstances which might entitle Verizon Wireless to attorney's fees, which Verizon Wireless does not concede, there is no count in the Complaint subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

      **D.**    **The City of Cambridge is a proper and necessary party to the adjudication of Verizon Wireless' claims.**

The TCA provides that "[n]o State or local government or instrumentality thereof may regulate the placement, construction, and modification of personal wireless service facilities on the basis of the environmental effects of radio frequency emissions to the extent that such facilities comply with the Commission's regulations concerning such emissions." 47 U.S.C § 332(c)(7)(B)(iv). Despite Defendants' reliance on Article 10.13 of the City of Cambridge Zoning Ordinance, the Board's issuance of the Decision (and the violation of the TCA) was done as an agent of the City of Cambridge. The Board obtains its authority to act on special permit applications directly from the City of Cambridge. Thus, both the City of Cambridge, as a local government, and the Board, as an instrumentality of that local government, are properly named in the instant action.

In addition, the City of Cambridge is a proper party to this action pursuant to Fed. R. Civ. P. 20 (a)(2)(B), which provides that defendants may be joined in an action where "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(B). In its simplest form, Verizon Wireless' action asks this Court to determine whether the City of Cambridge, by and through its Board, can prohibit Verizon Wireless from installing its proposed PWS facility within the existing building on the Property. There are undoubtedly questions of law and fact common to the Board and the City of Cambridge as a result of this action. Accordingly, the City of Cambridge is properly named as a party.

### III. CONCLUSION

For the reasons set forth herein, Verizon Wireless requests that this Court deny Defendants' Motion to Dismiss.

**PLAINTIFF,**
**BELL ATLANTIC MOBILE OF MASSACHUSETTS CORPORATION, LTD. d/b/a VERIZON WIRELESS,**
By its attorneys,

  /s/ Danielle Andrews Long
Michael S. Giaimo (BBO #552545)
mgiaimo@rc.com
Danielle Andrews Long (BBO #646981)
dlong@rc.com
Robinson & Cole LLP
One Boston Place, Floor 25
Boston, MA 02108-4404

Dated: May 29, 2014                                                   (617) 557-5900

## **CERTIFICATE OF SERVICE**

I, Danielle Andrews Long, hereby certify that a copy of the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those, if any, indicated as non-registered participants on this 29th day of May, 2014.

                                                /s/ Danielle Andrews Long
                                                Danielle Andrews Long