UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BELL ATLANTIC MOBILE OF MASSACHUSETTS CORPORATION, LTD. d/b/a VERIZON WIRELESS,<br><br>       Plaintiff,<br><br>v.<br><br>CITY OF CAMBRIDGE; MASSACHUSETTS CITY OF CAMBRIDGE BOARD OF ZONING APPEAL; and CONSTANTINE ALEXANDER, TIMOTHY HUGHES, BRENDAN SULLIVAN, THOMAS SCOTT, JANET O. GREEN, DOUGLAS MYERS, SLATER W. ANDERSON, LINDSEY T. THORNE-BINGHAM, and ANDREA A. HICKEY, as they are the Members and Associate Members of the City of Cambridge Board of Zoning Appeal,<br><br>       Defendants. | Civil Action No.<br>14-10431-FDS |

## ORDER OF RECUSAL

SAYLOR, J.

This matter involves claims by Bell Atlantic Mobile Corporation, Ltd. d/b/a Verizon Wireless, the operator of a large wireless telecommunications network. The Court further understands that Bell Atlantic Mobile is wholly owned by Cellco Partnership d/b/a Verizon Wireless, which, through different partners, is indirectly wholly owned by Verizon Communications Inc.

The wife of the undersigned District Judge owns stock in Verizon Communications Inc. Canon 3 of the Code of Conduct for United States Judges provides in relevant part as follows:

C. Disqualification

(1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which:

>    . . .

>    (c) the judge knows that . . . the judge's spouse . . . has a financial interest in . . . a party to the proceeding, or any other interest that could be affected substantially by the outcome of the proceeding;

>    (d) . . . or the judge's spouse . . . is:

>    . . .

>    >    (iii) known by the judge to have an interest that could be substantially affected by the outcome of the proceeding; . . .

The canons of ethics do not make clear under what circumstances an indirect interest in a joint venture or a partnership constitutes a "financial interest in . . . a party." If Verizon Communications, Inc., itself were a party, recusal would be required, notwithstanding the relatively small value of the stock at issue. Therefore, under the circumstances, the undersigned Judge will err on the side of caution, assume that his spouse's stock ownership is subject to Canon 3C(1)(c), and find that recusal is required. Although waiver by the parties is permitted in some circumstances, it is not permitted here. See Canon 3D.

Accordingly, the undersigned District Judge hereby recuses himself from presiding over this proceeding.

**So Ordered.**

Dated: June 19, 2014

_____
F. Dennis Saylor IV
United States District Judge