UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-CV-10431-RGS

BELL ATLANTIC MOBILE OF MASSACHUSETTS
CORPORATION, LTD. D/B/A VERIZON WIRELESS

v.

CITY OF CAMBRIDGE, MASSACHUSETTS; CITY OF CAMBRIDGE
BOARD OF ZONING APPEAL; and CONSTANTINE ALEXANDER,
TIMOTHY HUGHES, BRENDAN SULLIVAN, THOMAS SCOTT, JANET O.
GREEN, DOUGLAS MYERS, SLATER W. ANDERSON, LINDSEY T.
THORNE-BINGHAM, and ANDREA HICKEY

MEMORANDUM AND ORDER
ON DEFENDANTS' MOTION TO DISMISS

July 2, 2014

STEARNS, J.

In this case, defendants City of Cambridge and the members of its Board of Zoning Appeals (BZA) seek to dismiss a mandamus Complaint brought by Bell Atlantic Mobile of Massachusetts (Verizon). At the crux of the dispute is an application by Verizon to site a cell phone tower on Concord Avenue in Cambridge. Defendants contend that the Complaint is improvidently brought because Verizon has failed to comply with Mass. Gen. Laws ch. 40A, § 17, which requires that an appeal of an adverse decision of a zoning board be taken within twenty days of its filing with the

town or city clerk and that notice of the action be served on the respective clerk before the twenty days expires. Because the notice provision is preempted by the Telecommunications Act of 1996, 47 U.S.C. § 332 (TCA), the motion to dismiss will be denied.[1]

BACKGROUND

To fill a gap in its cellular telephone service coverage, Verizon sought to site a personal wireless service (PWS) in an existing building at 799 Concord Avenue in Cambridge.[2] On September 6, 2013, Verizon filed an application for issuance of a special permit with the BZA in conformity with the local zoning ordinance. The proposed PWS facility involved the installation of twelve antennas and related equipment.

On September 17, 2013, the City Planning Board endorsed the application on condition that the antennas not "break the roofline" of the adjoining penthouses. Verizon revised the design to meet the Planning Board's condition, and filed a revised plan with the BZA, which held public hearings on October 10, 2013, and again on December 5, 2013. At the close of the December 5 hearing, the Chair moved to approve a one-year permit.

---

[1] In its Complaint, Verizon seeks a declaration that the denial of the application violated the TCA, and an order of mandamus directing the BZA to issue an approval.

[2] "Personal Wireless Services" facility is a term of art in the phraseology of the TCA.

The five members voted 3-2 to deny the application. On January 29, 2014, the BZA issued its written decision, and filed it with the City Clerk on the same day. Verizon filed the instant Complaint in this court on February 26, 2014, without serving the Clerk of the City of Cambridge.

## DISCUSSION

The TCA was enacted to increase competition in the telecommunications industry, and is "antiregulatory and antibureaucratic in philosophy." *Sprint Spectrum L.P. v. Town of Easton*, 982 F. Supp. 47 (D. Mass. 1997), quoting Rep. Oxley, 104 Cong. Rec. H1161 (Feb. 1, 1996). "Courts have, accordingly, recognized that the TCA effects 'substantive changes to the local zoning process' by preempting any local regulations, including zoning regulations, which conflict with its provisions." *Id.* at 50, quoting *Westel-Milwaukee Co. v. Walworth Cnty.*, 205 Wis. 2d 244, 252 (1996). Section 332(c)(7)(B)(v) of the TCA states: "Any person adversely affected by any final action . . . by a State or local government or any instrumentality thereof that is inconsistent with this subparagraph may, within 30 days after such action . . . commence an action in any court of competent jurisdiction." The decision whether to file in state or federal court lies with the aggrieved party, although in either instance federal law governs.

Chapter 40A of the General Laws sets out a limitations prerequisite for taking an appeal of an adverse zoning board decision to the state court. Section 17 provides: "Any person aggrieved by a decision of the board of appeals or any special permit granting authority . . . may appeal [to the appropriate state court] . . . by bringing an action within twenty days after the decision has been filed in the office of the city or town clerk." As a matter of state law, the twenty-day filing period is a condition "sine qua non" of instituting an appeal. *Pierce v. Bd. of Appeals of Carver*, 369 Mass. 804, 811 (1976).

The TCA, however, preempts local zoning laws where the state provisions conflict with those of the TCA. *See Sprint Spectrum*, 982 F. Supp. at 50 ("[L]ocal zoning measures are permissible only to the extent they do not interfere with the TCA."); *Paging, Inc. v. Bd. of Zoning Appeals for Cnty. of Montgomery*, 957 F. Supp. 805, 808 (W.D. Va. 1997) (same). The TCA and Chapter 40A, § 17, are inconsistent both in scope and intent. Section 17 covers the entire gamut of adverse zoning decisions. *See, e.g.*, *Warrington v. Zoning Bd. of Appeals of Rutland*, 78 Mass. App. Ct. 903, 903 (2010) (zoning board ordered landowners to cease use of a barn on residential property as a dance studio). The TCA, on the other hand, carves out specific exceptions and expedited procedures for a narrow class of

4

zoning decisions that impact on the siting of PWS facilities. 47 U.S.C. § 332(c). The TCA allows thirty days for the appeal of such decisions; section 17 allows twenty. It would violate every precept of federal preemption to permit a state law to override an express provision of the TCA, here by barring an appeal otherwise properly taken under the TCA. *See Omnipoint Holdings, Inc. v. City of Cranston*, 586 F.3d 38, 47 (1st Cir. 2009) (finding that a state mandate limiting the appeal of PWS siting decisions to its own courts "would undermine the TCA's goals by imposing a new regulatory obstacle to providing consumers with wireless service.").[3]

## ORDER

For the foregoing reasons, defendants' Motion to Dismiss is DENIED.[4]

SO ORDERED.

/s/Richard G. Stearns
UNITED STATES DISTRICT JUDGE

---

[3] So too in a diversity case where a federal court must apply substantive state law, federal procedural rules will nonetheless trump their state analogs. *Correia v. Fitzgerald*, 354 F.3d 47, 53 (1st Cir. 2003).

[4] The City of Cambridge insists that it is not a proper defendant has Verizon has voluntarily dismissed the section 1983 count under which the it was named. Because the City is an authorized local regulatory authority under TCA, § 332(c)(7)(B)(iv), acting through the BZA as its agent, the court agrees with Verizon that it is a proper party to the lawsuit.