IN THE UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BELL ATLANTIC MOBILE OF MASSACHUSETTS CORPORATION, LTD. d/b/a VERIZON WIRELESS | ) ) ) | Civil Action No. 14-CV-10431-RGS |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| CITY OF CAMBRIDGE, MASSACHUSETTS; CITY OF CAMBRIDGE BOARD OF ZONING APPEAL; and CONSTANTINE ALEXANDER, TIMOTHY HUGHES, BRENDAN SULLIVAN, THOMAS SCOTT, JANET O. GREEN, DOUGLAS MYERS, SLATER W. ANDERSON, LINDSEY T. THORNE-BINGHAM, AND ANDREA A. HICKEY, as they are the Members and Associate Members of the City of Cambridge Board of Zoning Appeal, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants | ) ) ) | |

ANSWER

The City of Cambridge, Massachusetts ("Cambridge" or the "City"), the City of

Cambridge Board Of Zoning Appeal, and Constantine Alexander, Timothy Hughes,

Brendan Sullivan, Thomas Scott, Janet O. Green, Douglas Myers, Slater W. Anderson,

Lindsey T. Thorne-Bingham, and Andrea A. Hickey, as they are Members and Associate

Members of the City of Cambridge Board of Zoning Appeal ("Board

Members")(collectively hereinafter "BZA") hereby respond to the allegations in the First

Amended Complaint as follows:

1.      The allegations in this paragraph state legal conclusions for which no response is required.

2.      The allegations contained in paragraph 2 of the First Amended Complaint state a legal conclusion, for which no response is required.

3.      The allegations contained in paragraph 3 of the First Amended Complaint state a legal conclusion, for which no response is required.

4.      The BZA is without sufficient knowledge to admit or deny the allegations in paragraph 4 of the First Amended Complaint and demands that Plaintiff Bell Atlantic Mobile of Massachusetts Corporation, Ltd. d/b/a Verizon Wireless ("Plaintiff") prove same.

5.      Admit.

6.      Admit.

7.      Admit.

8.      Denied as to the address, admitted that he is a member of the Board of Zoning Appeal and is named in that capacity.

9.      Admit.

10.     Admit.

11.     Admit.

12.     Denied as to the address, admitted that he is a member of the Board of Zoning Appeal and is named in that capacity.

13.     Admitted, except that the BZA denies that Defendant Slater W. Anderson was on the Board "at all times material to this action."

14.    Admitted, except that the BZA denies that Defendant Lindsey T. Thorne-
       Bingham was on the Board "at all times material to this action."

15.    Admitted, except that the BZA denies that Defendant Andrea A. Hickey was on
       the Board "at all times material to this action."

16.    The BZA is without sufficient knowledge to admit or deny the allegations in
       paragraph 16 of the First Amended Complaint and demands that Plaintiff prove
       same.

17.    The BZA is without sufficient knowledge to admit or deny the allegations in
       paragraph 17 of the First Amended Complaint and demands that Plaintiff prove
       same.

18.    The BZA is without sufficient knowledge to admit or deny the allegations in
       paragraph 18 of the First Amended Complaint and demands that Plaintiff prove
       same.

19.    Denied.

20.    The BZA denies the averments contained in the first sentence of paragraph 20 of
       the First Amended Complaint, and the BZA is without sufficient knowledge to
       admit or deny the remaining allegations of paragraph 20 of the First Amended
       Complaint and demands that Plaintiff prove same.

21.    Admitted.

22.    Admitted that Verizon Wireless filed an application with a proposal, denied that
       the installation would be able to be painted to exactly match the existing exterior
       walls, rooftop penthouses and building facades.

23.    The allegations contained in paragraph 23 of the First Amended Complaint state
a legal conclusion, for which no response is required, and the ordinance speaks
for itself.

24.    The allegations contained in paragraph 24 of the First Amended Complaint state a
legal conclusion, for which no response is required, and the ordinance speaks for
itself.

25.    The allegations contained in paragraph 25 of the First Amended Complaint state a
legal conclusion, for which no response is required, and the ordinance speaks for
itself.

26.    The allegations contained in paragraph 26 of the First Amended Complaint state a
legal conclusion, for which no response is required, and the ordinance speaks for
itself.

27.    The BZA admits that the Planning Board forwarded a memorandum related to the
Special Permit in question, but denies that the Planning Board forwarded a
positive recommendation to the BZA.

28.    Denied that there was any positive recommendation by the Planning Board,
admitted that Verizon Wireless revised its design.

29.    The BZA admits the allegations contained in the first and second sentence of
paragraph 29 of the First Amended Complaint.  The BZA denies the third
sentence of paragraph 29 of the First Amended Complaint.  The BZA denies the
fourth sentence of paragraph 29 of the First Amended Complaint.  The BZA
admits that Plaintiff presented an appraisal report, but denies the report's alleged
conclusion in the fifth sentence of paragraph 29 of the First Amended Complaint.

The BZA admits that Plaintiff submitted a report and testimony related to RF exposure to the public, but is without sufficient knowledge to admit or deny the allegations in the sixth sentence of paragraph 29 of the First Amended Complaint and demands that Plaintiff prove same.

30. The BZA admits that it heard input from various members of the public, but denies the Plaintiff's characterization of the commentary by members of the public.

31. The BZA admits that the Chair read various letters from members of the public, but denies that they were all related solely to health effects of the proposed facility.

32. The BZA admits the averments in the first sentence of paragraph 32 of the First Amended Complaint, but it denies the remaining allegations contained in paragraph 32 of the First Amended Complaint.

33. The BZA admits that the BZA voted two in favor and three opposed and that the motion failed and the Application was denied, but denies the remaining allegations of paragraph 33 of the First Amended Complaint.

34. Admitted .

35. Denied.

36. The allegations contained in the first sentence of paragraph 36 of the First Amended Complaint state a legal conclusion, for which no response is required, and denied as to the remaining allegations.

37.  The BZA is without sufficient knowledge to admit or deny the allegations in paragraph 37 of the First Amended Complaint and demands that Plaintiff prove same.

38.  The BZA incorporates by reference its responses to paragraphs 1-37 of the First Amended Complaint as described above.

39.  The allegations contained in paragraph 39 of the First Amended Complaint state a legal conclusion, for which no response is required.

40.  Denied.

41.  Denied.

42.  The allegations contained in paragraph 42 of the First Amended Complaint state a legal conclusion, for which no response is required.

43.  Denied.

44.  The BZA incorporates by reference its responses to paragraphs 1-43 of the First Amended Complaint as described above.

45.  The allegations contained in paragraph 45 of the First Amended Complaint state a legal conclusion, for which no response is required.

46.  Admitted that an opinion from an individual was submitted to argue that the facility may comply with regulatory guidelines, denied that such opinion was conclusive or persuasive, and the BZA is without sufficient information to admit or deny any admissibility of such evidence, or that the author would be qualified as an expert with respect to the issues in this case.

47.  Denied.

48.  Denied.

FIRST AFFIRMATIVE DEFENSE

The BZA's decision was supported by substantial evidence in a written record, and its decision was not arbitrary, capricious or unreasonable, and was within its discretionary authority.

SECOND AFFIRMATIVE DEFENSE

The BZA properly and reasonably denied Plaintiff's application for a special permit due to Plaintiff's failure to establish that the proposed wireless facility site complied with the applicable zoning ordinance and regulations.

THIRD AFFIRMATIVE DEFENSE

The BZA asserts the defense of estoppel.

FOURTH AFFIRMATIVE DEFENSE

The First Amended Complaint fails to state a claim upon which relief can be granted.


DATED:  July 16, 2014.

DEFENDANTS CITY OF CAMBRIDGE, MASSACHUSETTS; CITY OF CAMBRIDGE BOARD OF ZONING APPEAL; and CONSTANTINE ALEXANDER, TIMOTHY HUGHES, BRENDAN SULLIVAN, THOMAS SCOTT, JANET O. GREEN, DOUGLAS MYERS, SLATER W. ANDERSON, LINDSEY T. THORNE-BINGHAM, and ANDREA A. HICKEY, as they are the Members and Associate Members of the City of Cambridge Board of Zoning Appeal,

By Their Attorney

  /s/ Paul S. Kawai
Paul S. Kawai, (BBO #662168)
pkawai@cambridgema.gov
City of Cambridge Law Department
795 Massachusetts Avenue
Cambridge, MA 02139
(617) 349-4121

The City demands trial by jury.

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the

attorneys of record for Plaintiff via the ECF system on July 16, 2014.

/s/ Paul S. Kawai
Paul S. Kawai, Esq.