UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BELL ATLANTIC MOBILE OF MASSACHUSETTS CORPORATION, LTD. d/b/a VERIZON WIRELESS,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF CAMBRIDGE, MASSACHUSETTS; CITY OF CAMBRIDGE BOARD OF ZONING APPEAL; and CONSTANTINE ALEXANDER, TIMOTHY HUGHES, BRENDAN SULLIVAN, THOMAS SCOTT, JANET O. GREEN, DOUGLAS MYERS, SLATER W. ANDERSON, LINDSEY T. THORNE-BINGHAM, and ANDREA A. HICKEY, as they are the Members and Associate Members of the City of Cambridge Board of Zoning Appeal,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 14-CV-10431-FDS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**JOINT MOTION OF THE PARTIES TO REMAND
DEFENDANT BOARD'S DECISION FOR FURTHER CONSIDERATION**

    The parties to this action jointly request that the Court remand the decision of Defendant City of Cambridge Board of Zoning Appeal ("Board") denying Plaintiff Bell Atlantic Mobile of Massachusetts Corporation, Ltd. d/b/a Verizon Wireless' ("Verizon Wireless") application for a special permit to construct and operate its proposed wireless facility on and within the existing building at 799 Concord Avenue, Cambridge (the "Property"). The purpose of the remand is to allow the Board to reconsider Verizon Wireless' application for a special permit in light of a revised design and/or plan for the antenna installation (the "Revised Application"). The parties request that the remand take place on the following terms:

1. Verizon Wireless shall not be required to file a new application for a special permit with the Board, nor to pay any application fees. A public hearing shall be held to consider the Revised Application, and the parties reserve all rights with respect to any claims and defenses pertaining to any other issues in the underlying case.

2. At the public hearing, the Board may consider the Revised Application for the antenna installation, and determine whether to grant the requested special permit.

3. If fewer than four of the voting members of the Board vote in favor of granting the special permit, the remand proceedings shall be deemed to have concluded, the Board shall not file a written decision, and this case shall proceed in accordance with a tracking schedule to be determined by the Court.

4. If four or more of the voting members of the Board vote in favor of granting the special permit, the Board shall file its written decision granting the special permit (the "Decision") with the Cambridge City Clerk ("City Clerk") within thirty (30) days, and Counsel for the Board shall immediately send counsel for Verizon Wireless a copy of the Decision. Within three (3) business days after counsel for Verizon Wireless' receives the Decision, counsel for Verizon Wireless shall file a copy of the Decision with the Court.

5. The parties shall file a status report with the Court on or before March 3, 2015, reporting on the status of the remand proceedings.

6. This litigation will be stayed during these remand proceedings. If the litigation is not dismissed in accordance with Paragraph 10 below, the deadline for filing and serving dispositive motions will be set for 30 days after Verizon Wireless files a notice with this Court in accordance with Paragraph 8 below, with any opposition due 21 days thereafter.

7. The Court will retain jurisdiction over this matter pending the outcome of the remand proceedings.

8. Verizon Wireless may preserve its objection to the validity of any conditions imposed by the Board in any special permit issued during the remand proceedings by filing a notice with this Court within twenty (20) days of the date that the Decision is filed with the City Clerk.

9. The Court shall retain jurisdiction over any third party appeal from any special permit issued during the remand proceedings.

10. If the Board in its Decision grants the special permit and Verizon Wireless does not preserve its objection to the validity of any Special Permit conditions as described in Paragraph 8 above, and provided that there has been no third party appeal from the special permit Decision, this case shall then be dismissed with prejudice, and without costs and without further rights of appeal.

WHEREFORE, the parties respectfully request that the Court remand to the Board the Decision denying Verizon Wireless a special permit for further consideration of Verizon Wireless' Revised Application in light of the revised design for the antenna installation, subject to the requirements set forth above in this Motion.

**Respectfully submitted,**

| | |
|---|---|
| **PLAINTIFF,**<br>**BELL ATLANTIC MOBILE OF**<br>**MASSACHUSETTS CORPORATION,**<br>**LTD. d/b/a Verizon Wireless,**<br><br>By its attorneys, | **DEFENDANTS,**<br>**CITY OF CAMBRIDGE and**<br>**MEMBERS AND ASSOCIATE**<br>**MEMBERS OF THE CITY OF**<br>**CAMBRIDGE BOARD OF ZONING**<br>**APPEAL,**<br><br>By their attorney, |
|   /s/     Danielle Andrews Long<br>Michael S. Giaimo (BBO #552545)<br>mgiaimo@rc.com<br>Danielle Andrews Long (BBO #646981)<br>dlong@rc.com<br>Robinson & Cole LLP<br>One Boston Place, Floor 25<br>Boston, MA 02108-4404<br>(617) 557-5900 |   /s/    Paul S. Kawai<br>Paul S. Kawai (BBO #662168)<br>pkawai@cambridgema.gov<br>City of Cambridge, Office of the City Solicitor<br>795 Massachusetts Avenue<br>Cambridge MA 02139<br>(617) 349-4121 |

Dated: February 4, 2015

## CERTIFICATE OF SERVICE

I, Danielle Andrews Long, hereby certify that a copy of the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those, if any, indicated as non-registered participants on this 4th day of February, 2015.

                                                          /s/     Danielle Andrews Long
                                                          Danielle Andrews Long