

# City of Cambridge

MASSACHUSETTS

BOARD OF ZONING APPEAL

831 Mass Avenue, Cambridge, MA.
(617) 349-6100

*2015 MAR 11 PM 2 05*
*OFFICE OF THE CITY CLERK*
*CAMBRIDGE, MASSACHUSETTS*

## RE-HEARING

| | | |
|---|---|---|
| CASE NO: | 10518 | |
| LOCATION: | 799 Concord Avenue<br>Cambridge, MA | Office -1 Zone/ AOD |
| PETITIONER: | Bell Atlantic Mobile of Massachusetts Corporation, LTD.<br>D/B/A Verizon Wireless – C/o Timothy C. Twardowski, Esq. | |
| PETITION: | <u>Special Permit:</u> To reconsider the petitioner's application for a special permit in light of a revised design and/or plan to locate mobile communications antennas on the roof of the existing building and place equipment inside an existing ground level garage space. | |
| VIOLATION: | Art. 4.000, Sec. 4.32.G.1 (Footnote 49) (Telecommunication Facility).<br>Art. 10.000, Sec. 10.40 (Special Permit). | |

DATE OF PUBLIC NOTICE:     February 12 & 19, 2015

DATE OF PUBLIC HEARING:    February 26, 2015

MEMBERS OF THE BOARD:
    CONSTANTINE ALEXANDER – CHAIR ✓
    TIMOTHY HUGHES – VICE-CHAIR ✓
    BRENDAN SULLIVAN ✓
    THOMAS SCOTT ✓
    JANET O. GREEN ✓

ASSOCIATE MEMBERS:
    DOUGLAS MYERS
    SLATER W. ANDERSON
    ANDREA A. HICKEY
    ALISON HAMMER
    JIM MONTEVERDE
    GEORGE S. BEST
    LAURA WERNICK

Members of the Board of Zoning Appeal heard testimony and viewed materials submitted regarding the above request for relief from the requirements of the Cambridge Zoning Ordinance. The Board is familiar with the location of the petitioner's property, the layout and other characteristics as well as the surrounding district.

Case No.     10518
Location:    799 Concord Avenue
Petitioner:  Bell Atlantic Mobile of MA Corp. Ltd. – D/B/A Verizon Wireless

On February 26, 2015, Petitioner's attorney Timothy Twardowski appeared before the Board of Zoning Appeal requesting a special permit in order to locate mobile communications antennas on the roof of the existing building and place equipment inside an existing ground level garage space. The Petitioner requested relief from Article 4, Section 4.32.G.1 of the Cambridge Zoning Ordinance ("Ordinance"). The Petitioner submitted application materials including information about the project, plans, and photographs.

Mr. Twardowski stated that the case had been heard and denied in 2013. He stated that it had been appealed and was now being reheard upon a remand from the Federal District Court. He stated that the site had been redesigned so as to place all antennas behind a screen wall on the roof, making them not visible to the public.

Several neighbors spoke or wrote in opposition to the proposal based on negative effects to their businesses, which included schools and medical facilities, and to their property values due to actual or perceived health and/or environmental risks from radio frequency radiation. Some neighbors expressed concern about adverse health effects on students attending schools in the immediate neighborhood. The Chair explained that there was a federal law which had limited the Board's ability to deny an application based upon the health and environmental effects of the Petitioner's installation.

After discussion, the Chair moved that the Board grant the special permit for relief in order to locate mobile communications antennas on the roof of the existing building and place equipment inside an existing ground level garage space based upon the finding that traffic generated or patterns of access or egress resulting from the installation would not cause congestion, hazard, or substantial change in established neighborhood character. The Chair moved that the Board find that the continued operation of, and development of adjacent uses, would not be adversely affected by the nature of the proposed use. The Chair moved that the Board find that no nuisance or hazard would be created to the detriment of the health, safety, and/or welfare of the occupant of the proposed use or the citizens of the city. The Chair moved that the Board find that the proposed use would not impair the integrity of the district or adjoining districts or otherwise derogate from the intent and purpose of the Ordinance. The Chair moved that the Board grant the special permit on the following conditions:

1. that the work proceed in accordance with and be entirely consistent with photo simulations, architectural drawings, and engineering plans submitted by the petitioner, as initialed by the Chair,
2. that should the petitioner discontinue telecom services at this facility, the equipment be promptly removed and the building be restored to its prior condition to the extent reasonable and practical,
3. that, inasmuch as the health effects of the transmission of electromagnetic energy waves is a matter of ongoing societal concern and scientific study, the special permit is also subject to the following conditions:
   A. that the petitioner shall file with the Inspectional Services Department each report it files with the federal authorities regarding the electromagnetic energy waves emissions emanating from all the petitioner's equipment on the site. Each such report shall be filed with the Inspectional Services Department no later than ten business days after the report has been filed with the federal authorities. Failure to timely file any such report with the Inspectional Services Department shall ipso facto terminate the special permit granted here,
   B. that in the event that at any time federal authorities notify the petitioner that its equipment on the site, including, but not limited to the special permit granted here, fails to comply with the requirements of law or governmental regulation, whether with regard to the emissions of electromagnetic energy waves or otherwise, the petitioner, within ten business days of receipt of such notification of such failure shall file with the Inspectional Services Department a report disclosing in reasonable detail that such failure has occurred and the basis for such claimed failure. The special permit granted here shall ipso facto terminate if any of the petitioner's federal licenses is or are suspended, revoked, or terminated.
   C. that to the extent that a special permit has terminated pursuant to the foregoing paragraphs A and B, the petitioner may apply to this Board for a new special permit provided that the public notice concerning such application discloses in reasonable detail that the application has been filed because of a termination of the special permit pursuant to paragraphs A or B above. Any such new application shall not be deemed a repetitive petition and therefore shall not be subjected to the two-year period during which repetitive petitions may not be filed.
   D. that prior to the installation of the equipment, the petitioner shall file with the Inspectional Services Department a sworn Affidavit of the person in charge of the installation of equipment by the petitioner with a geographical area that includes Cambridge, stating that A, he or she has such responsibility; and B, that the equipment is being installed pursuant to the special permit granted here, will comply with all federal safety rules and will be situated and maintained in locations with

appropriate barricades and other protections, such that individuals, including nearby residents and occupants of nearby structures, will be sufficiently protected from excessive radio frequency radiation under federal law.
4. that the special permit granted here shall continue for two years and that after two years should the petitioner want to continue to use this facility, it must reapply for the special permit. At that point the Board and the public will have the ability to take into account any new developments, either scientifically or legislatively, with regard to telecommunications facilities.

The five member Board voted unanimously in favor of granting the special permit (Alexander, Hughes, Sullivan, Scott, and Green) as conditioned. Therefore, the special permit is granted.

The Board based its decision upon all the information presented, and upon the following findings:
1) The meeting of the requirements of the Ordinance;
2) Traffic generated or patterns of access or egress would not cause congestion, hazard, or substantial change in the established neighborhood character;
3) The continued operation of or the development of adjacent uses as permitted in the Ordinance would not be adversely affected by the nature of the proposed uses;
4) Nuisance or hazard would not be created to the detriment of the health, safety and /or welfare of the occupants of the proposed use;
5) The proposed use would not impair the integrity of the district or adjoining district or otherwise derogate from the Ordinance, and in fact would be a significant improvement to the structure and benefit the neighborhood, and;
6) The new use or building construction is not inconsistent with the Urban Design Objectives set forth in Section 19.30 of the Cambridge Zoning Ordinance.

_____
Constantine Alexander, Chair

Attest: A true and correct copy of decision filed with the offices of the City Clerk and Planning Board on ___3/11/15___ by ___Maria Pacheco___, Clerk.

Twenty days have elapsed since the filing of this decision.

No appeal has been filed _____.

Appeal has been filed and dismissed or denied.

Date: _____        _____ City Clerk.

3